IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANK M. MUNIZ,

    Plaintiff,

v.  No. CIV 08-714 JB/ACT

JIM MOORE, STG COORDINATOR, SUED
IN HIS INDIVIDUAL CAPACITY; UNKNOWN
NAMED STG OFFICERS, SUED IN THEIR
INDIVIDUAL CAPACITIES; DONALD A.
DORSEY, DEPUTY DIRECTOR OF ADULT
PRISONS, SUED IN HIS INDIVIDUAL
CAPACITY; COLLEEN MCCARNEY,
CENTRAL BUREAU OF CLASSIFICATION (CBC)
ADMINISTRATOR, SUED IN HER INDIVIDUAL
CAPACITY; LARRY A. PHILLPS, CASEWORKER,
SUED IN HIS INDIVIDUAL CAPACITY; MIKE
A. HEREDIA, WARDEN, SUED IN HIS
INDIVIDUAL CAPACITY; BRIAN JOHNSON,
UNIT MANAGER, SUED IN HIS INDIVIDUAL
CAPACITY; AND JAMES THOMAS, UNIT
MANAGER/CLASSIFICATION APPEALS
OFFICER, SUED IN HIS INDIVIDUAL
CAPACITY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff Frank Muniz' Prisoner's Civil Rights Complaint, filed July 31, 2008 (Doc. 1).  Also before the Court are: (I) Muniz' Motion For an Injunction, filed October 27, 2008 (Doc. 8); (ii) Additional Harassments, And Retaliations, filed November 21, 2008 (Doc. 10); (iii) Renewed Motion For Transfer, filed February 17, 2009 (Doc. 11); (iv) Motion For Reconsideration of Granting Motion to Proceed Without Proper Copies to Opposing Counsels, or in the Alternative, Appoint Counsel for Plaintiff or Require Plaintive [sic]

to be Present During Copying, filed April 1, 2009 (Doc. 14); (v) Motion For Temporary Emergency Restraining Order, filed April 23, 2009 (Doc. 17); and (vi) Request For Hearing For Temporary Emergency Restraining Order Motion, filed May 22, 2009 (Doc. 18). Muniz is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons stated below, the Court will dismiss the Complaint. The Court will also deny the other motions and requests for relief.

## PROCEDURAL BACKGROUND

Muniz asserts two claims in his Complaint. First, he alleges that officials placed false information in his file, thereby putting him in danger from prison gangs. In the second claim, Muniz alleges that in 2007 certain Defendants falsified the nature of a 1999 disciplinary conviction and used the false information to increase his classification level. Muniz further alleges that his classification has amounted to administrative segregation. He contends that the Defendants' actions violated his rights under the Eighth and Fourteenth Amendments. The Complaint seeks damages and equitable relief.

## LAW REGARDING 28 U.S.C. § 1915(e)(2)

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Muniz' pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

## **ANALYSIS**

In light of the discretion that § 1915(e)(2) provides, the Court will dismiss the Complaint. Count I was previously adjudicated and may not be raised again. Count II fails to state a claim. Given that the Court is dismissing the Complaint, the Court will deny Muniz' other motions and requests for relief.

### **I.    RES JUDICATA BARS MUNIZ' FIRST CLAIM.**

Muniz alleges in his first claim that in 2002 certain officials placed false information in his prisoner file. The false information put him at risk of harm by prison gang members. These allegations restate the claims that Muniz made in his earlier action, *Muniz v. Cavasos*, No. CIV 03-0030 MCA/RHS. In the prior action, Muniz alleged that corrections officials classified and segregated him based on false accusations of a firearm violation, prior convictions, and attempted escape in 1999. See Complaint, No. CIV 03-0030 MCA/RHS, filed January 8, 2003 (Doc. 1); Amended Complaint to Name Additional Defendants, filed October 27, 2003 (Doc. 15.) As the Magistrate Judge summarized in his Proposed Findings And Recommended Disposition in that case, "Mr. Muniz . . . contends that corrections officials . . . placed false information in his file in order to justify his custody classification level." Proposed Findings and Recommended Disposition at 1, No. CIV 03-0030 MCA/RHS, entered December 16, 2004 (Doc. 39). The magistrate judge recommended dismissing these claims for failure to state a claim for relief. See id. at 10. The Honorable Christina Armijo, United States District Court Judge, adopted the Magistrate Judge's recommended disposition and dismissed Muniz' complaint with prejudice. See Order Denying Plaintiff's Motion to Amend and Adopting Magistrate Judge's Recommended Disposition at 1, No. CIV 03-0030 MCA/RHS, entered February 11, 2005 (Doc. 43.)

This first claim is barred because it was previously adjudicated and may not be raised again.

The doctrine of res judicata bars claims that Muniz raised, or could have raised, in an earlier action. *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999); *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1239 (10th Cir. 1992). "Res judicata requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit." *Nwosun v. General Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997). The related doctrine of collateral estoppel bars Muniz' claims against newly named parties. *See Klein v. Comm'r*, 880 F.2d 260, 263 (10th Cir. 1989) *Willner v. Budig*, 848 F.2d 1032, 1034 (10th Cir. 1988); *cf. Morgan v. City of Rawlins*, 792 F.2d 975, 980 (10th Cir. 1986).

Nor may Muniz obtain relief on new allegations of a particular danger from prison gangs as a result of the false information in his file. "A party cannot circumvent the bar of res judicata by asserting a new legal theory or by seeking a different remedy." *Overton v. United States*, No. 01-6357, 2002 WL 31230837, at **5 (10th Cir. Oct. 4, 2002) (citing *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1170 (10th Cir. 2000)); *Cf. San Remo Hotel, L.P., v. City And County Of San Francisco*, 545 U.S. 323, 342 (2005) (rejecting attempt to reserve federal claims in state court action to avoid preclusion in subsequent federal action). The Court will dismiss Claim I of the Complaint.

## II. COUNT II DOES NOT STATE A CAUSE OF ACTION FOR WHICH THE COURT CAN GRANT RELIEF.

In Claim II, Muniz alleges that in 2008 Defendants again raised his classification level, primarily based on the alleged 1999 escape attempt. See Exhibits J and L to Complaint. As in Muniz' earlier action, his allegations of unlawful classification and segregation fail to state a claim for relief. First, Muniz has no due-process rights to a particular classification, *see Templeman v.*

*Gunter*, 16 F.3d 367, 369 (10th Cir. 1994), although the Due Process Clause may protect an inmate from arbitrary changes in classification that are outrageous or shock the conscience, *see Duffy v. Uphoff*, No. 96-8017, 1997 WL 82482, at \*\*2 (10th Cir. 1997).  Here, although Muniz disagrees with officials' classification decisions, those decisions were based on his record of conduct and did not violate Muniz' rights under the Due Process Clause.

Furthermore, as in his earlier Eighth Amendment claim, Muniz makes no allegation that his classification has deprived him of a "minimal civilized measure of life's necessities."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  The Court will dismiss Claim II of the Complaint.

## III.     THE COURT WILL DENY THE RELIEF SOUGHT IN MUNIZ' SUBSEQUENT FILINGS.

In his Motion For An Injunction (Doc. 8), Renewed Motion For Transfer (Doc. 11), and Additional Harassments And Retaliations (Doc. 10), Muniz asks for an order of transfer to a different facility.  As grounds, he reiterates the allegations from Claim I of the Complaint, which has been dismissed.  He also asserts that officials have interfered with his mail in retaliation for his litigation activities and have confiscated his legal papers.  Having dismissed the Complaint, the Court will deny these motions as moot.

The Court will deny Muniz' Motion For Reconsideration (Doc. 14) for the same reasons stated in the original order (Doc. 13).  And last, no relief is available on Muniz' Motion For Temporary Emergency Restraining Order (Doc. 17) and Request For Hearing For Temporary Emergency Restraining Order Motion (Doc. 18).  In these motions Muniz again asserts that Defendants have improperly classified him.  As noted above, Muniz does not have a due-process right to a particular classification.  *See Templeman v. Gunter*, 16 F.3d at 369.  Furthermore, his allegations that the Defendants failed to strictly adhere to written policies do not, without more, raise

constitutional concerns.  *See Hoffman v. Martinez*, 92 Fed.Appx. 628, 632 (10th Cir. 2004).  The Court will deny these motions and will dismiss this action.

**IT IS ORDERED** that Plaintiff Muniz' Prisoner's Civil Rights Complaint is dismissed with prejudice, pending motions are denied, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Frank M. Muniz
Penitentiary of New Mexico
Santa Fe, New Mexico

    *Plaintiff pro se*