IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANK M. MUNIZ,

      Plaintiff,

v.                                                                                                                   No. CIV 08-0714 JB/ACT

JIM MOORE, STG COORDINATOR, SUED
IN HIS INDIVIDUAL CAPACITY; UNKNOWN
NAMED STG OFFICERS, SUED IN THEIR
INDIVIDUAL CAPACITIES; DONALD A.
DORSEY, DEPUTY DIRECTOR OF ADULT
PRISONS, SUED IN HIS INDIVIDUAL
CAPACITY; COLLEEN MCCARNEY,
CENTRAL BUREAU OF CLASSIFICATION (CBC)
ADMINISTRATOR, SUED IN HER INDIVIDUAL
CAPACITY; LARRY A. PHILLPS, CASEWORKER,
SUED IN HIS INDIVIDUAL CAPACITY; MIKE
A. HEREDIA, WARDEN, SUED IN HIS
INDIVIDUAL CAPACITY; BRIAN JOHNSON,
UNIT MANAGER, SUED IN HIS INDIVIDUAL
CAPACITY; AND JAMES THOMAS, UNIT
MANAGER/CLASSIFICATION APPEALS
OFFICER, SUED IN HIS INDIVIDUAL
CAPACITY,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on Plaintiff Frank Muniz' Motion For Relief From Judgment Pursuant To Rule 60(b), filed July 15, 2010 (Doc. 30). On July 30, 2009, the Court entered a Memorandum Opinion and Order and Judgment, see Docs. 21, 22, dismissing Muniz' Complaint and this action. On March 31, 2010, the United States Court of Appeals for the Tenth Circuit affirmed the dismissal. See Muniz v. Moore, No. 09-2199, 2010 WL 1225857 (10th Cir. Mar. 31, 2010). In his motion under rule 60(b) of the Federal Rules of Civil Procedure, Muniz asserts that this Court erred in dismissing his claims. The Court will deny the motion.

The Court may consider a rule 60(b) motion even after an appellate court has affirmed the challenged judgment. See Standard Oil Co. of Cal. v. United States, 429 U.S. 17, 18 (1976); Prop-Jets, Inc. v. Chandler, 575 F.2d 1322, 1325 (10th Cir. 1978). The Tenth Circuit has described limits on consideration of post-appeal rule 60(b) motions. "[W]e are convinced that Rule 60(b)(6) cannot be properly used to alter the substantive content of a judgment once it has been affirmed on appeal except in extraordinary situations," Colo. Interstate Gas Co. v. Natural Gas Pipeline Co. of Am., 962 F.2d at 1534, for instance, "when the basis for the motion was not before the appellate court or resolved on appeal," FDIC v. United Pac. Ins. Co., 152 F.3d 1266, 1273 (10th Cir. 1998). See Standard Oil Co. of Cal. v. United States, 429 U.S. at 18 (allowing post-appeal 60(b) motion to "deal with possible later events"). As the United States Court of Appeals for the Sixth Circuit has noted: "An issue already decided [and affirmed] may be reopened in limited circumstances, such as where there is 'substantially different evidence raised on subsequent trial; a subsequent contrary view of the law by the controlling authority; or a clearly erroneous decision which would work a manifest injustice.'" Mitchell v. Rees, 261 F. App'x, 825, 828 (6th Cir. 2008)(quoting United States v. Moored, 38 F.3d 1419, 1421 (6th Cir. 1994)). The Court applies these standards to the allegations in Muniz' motion.

As grounds for relief from the Court's order of dismissal, Muniz first asserts that "the Court mistakenly believed [his first claim] had been previously adjudicated." To the contrary, the Court dismissed Muniz' first claim under the doctrine of res judicata, which bars claims that he raised <u>or could have raised</u> in an earlier complaint. See Yapp v. Excel Corp.,186 F.3d 1222, 1226 (10th Cir. 1999); Clark v. Haas Group, Inc., 953 F.2d 1235, 1239 (10th Cir. 1992). Second, Muniz alleges that the Court's Memorandum Opinion and Order, see Doc. 21, misstated certain facts about his disciplinary record. He correctly recites the words in the Memorandum Opinion and Order but

mistakes their meaning.  The Memorandum Opinion and Order's reference to "a 1999 disciplinary conviction" describes a disciplinary conviction in 2001 for an attempted escape in 1999 that later affected Muniz' custody status.  The asserted ambiguity in the Court's Memorandum Opinion and Order does not amount to an "extraordinary situation," <u>Colo. Interstate Gas Co. v. Natural Gas Pipeline Co. of Am.</u>, 962 F.2d at 1534, or "a clearly erroneous decision which would work a manifest injustice," <u>Mitchell v. Rees</u>, 261 F. App'x at 828, by the dismissal of Muniz' complaint.  The Court will deny the motion.

      **IT IS ORDERED** that Plaintiff Frank Muniz' Motion For Relief From Judgment Pursuant To Rule 60(b), filed July 15, 2010 (Doc. 30), is denied.

      _____
      UNITED STATES DISTRICT JUDGE

*Parties*:

Frank M. Muniz
Clayton, New Mexico

    *Plaintiff pro se*